# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL LYNN BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:15-cv-0224-TWP-DML |
| ) | |
| DR. WILSON, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

Plaintiff Daniel Lynn Brown, Jr., ("Mr. Brown") is an inmate confined at the Federal Correctional Institution located in Terre Haute, Indiana ("TH-FCI"). On February 13, 2015, Mr. Brown filed his Complaint alleging violation of his constitutional rights. The filing fee has been paid.

The Complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(a) and(b). This statute directs that the court review, as soon as practicable, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. It also directs the court to dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court has review the four page Complaint. However, the 188 pages of exhibits attached to the Complaint were not considered because of the length the Seventh Circuit has held that such attachments can be "stricken without bothering to read." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013).

# I. Standard of Review

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Pro se Complaints such as that filed by Mr. Brown are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

# II. Discussion

Mr. Brown's Complaint alleges cruel and unusual punishment, deliberate indifference and conspiracy to violate his Constitutional Rights. He request injunctive relief requiring the Bureau of Prison to allow him to see an independent orthopedic surgeon and as the current surgeon has failed to address medical issues discovered in a bone scan and the Bureau of Prison staff "have stood silent." "Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act ["FTCA"] . . . which permits claims based upon misconduct which is tortious under state law. 28 U.S.C. 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Mr. Brown

appears to have asserted both of these theories. He seeks compensatory damages and injunctive relief.

### A. *Bivens* Claims

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials").

Mr. Brown's complaint names the following defendants: 1) Clinical Director Dr. Wilson; 2) Mrs. Beighley, Hosp. Admin.; 3) Warden J. F. Caraway; 4) Assistant Warden H. G. Church; 5) FCI Warden J. Oliver; 6) FCI Warden L. LaRiva; 7) Warden Charles L. Lockett; 8) Assistant Hospital Admin. K. Klink; 9) PA Z. Ndife; 10) PA Drummy; 11) PA Miller; 12) Regional Director Paul Laird; 13) Director of the BOP Charles Samuels; 14) Admin. Natl. Inmate Appeals Harrell Watts; 15) Dr. Mickey Cho; 16) Orthopedic Surgeon Dr. Ulrich; and 17) Attorney General of the USA Eric Holder.

Mr. Brown alleges no facts in his complaint. Although he seeks damages and injunctive relief "against further deliberate indifference from [sic] medical department and contracted Orthopedic Surgeon." He fails to allege who did what, when, and where. Merely alleging legal conclusions is not sufficient to state a claim upon which relief can be granted.

The Court acknowledges that among Mr. Brown's 188 pages of exhibits attached to the Complaint, there is a "statement of facts," but this is not a short and plain statement of his claims. Rather, it is a 14 page description of his medical history while at the prison, not limited to

allegations of what he believes constituted deliberate indifference. "Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011) (internal quotation omitted). Negligence alone is not sufficient to support a constitutional claim.

The Court further notes that a number of the defendants are wardens and assistant wardens. None of these supervisory defendants are medical providers. "[A] defendant cannot be liable under *Bivens* on the basis of *respondeat superior* or supervisory liability, rather, there must be individual participation and involvement by the defendant." *Arnett,* 658 F.3d at 757. The potential liability of each defendant depends on his or her personal participation. "In order to state a cause of action under *Bivens,* the plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights." *Gossmeyer v. McDonald,* 128 F.3d 481, 494 (7th Cir. 1997). As filed, Mr. Brown's complaint is not sufficient as it fails to put each individual defendant on notice of the claims asserted against each of them.

### B. Federal Tort Claims Act

Construed liberally, the Complaint can be understood to assert a claim under the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq*. (FTCA), however, the only proper defendant in an action pursuant to the FTCA is the United States itself, *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982), and the United States is not included as a defendant in this case. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the amended complaint are entirely the responsibility of the plaintiff, for even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue). The failure to name the appropriate defendant requires the dismissal of the claim under the FTCA.

### III. Further Proceedings

For the reasons explained above, the Complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim under *Bivens* or the FTCA. Dismissal of the Complaint pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). The Court will not direct the entry of final judgment at this time, however. Instead, Mr. Brown shall have a period of time, **through March 25, 2015,** in which to file an **Amended Complaint** which corrects the deficiencies noted above and sets forth a viable claim for relief. If an Amended Complaint is filed it will entirely replace and supersede the original complaint. If an Amended Complaint is filed it will also be subject to screening pursuant to 28 U.S.C. § 1915A(b).

Any Amended Complaint must conform to the following guidelines: (a) it shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) it shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) it must identify what legal injury Mr. Brown claims to have suffered and what persons are responsible for each such legal injury; and (d) it shall contain a clear statement of the relief which is sought. The plaintiff is further notified that [u]nrelated claims against different defendants belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The proper case number, 1:15-cv-0224-TWP-DML, shall be placed on the "Amended Complaint" filed in this action.

If no Amended Complaint is filed as just directed, the Court will direct the entry of final judgment consistent with its analysis and conclusion of this Entry.

The clerk shall **update the docket** to reflect the plaintiff's identification number as #05609-030. The clerk shall also **terminate from the docket defendants Bureaus of Prisons Staff and Outside Medical Contractors.**

IT IS SO ORDERED.

Date: 2/23/2015

_Tanya Walton Pratt_
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel Lynn Brown, Jr., #05609-030
Terre Haute FCI
Inmate Mail/Parcels
P. O. Box 33
Terre Haute, IN 47808

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.