Daniel Brown
Plaintiff
05609-030
POB 33
TERRE HAUTE FCI
TERRE HAUTE, IN 47808

In Propria Persona

FILED
U.S. ...
INDIANAPOLIS...
2015 MAR 17 PM 2:...
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DANIEL BROWN, <br>     Plaintiff. <br><br> Vs. <br><br> UNITED STATES OF AMERICA, <br> UAP CLINIC HEALTH PORT, <br> MICKEY CHO, <br> GARY ULRICH, <br>     Defendants. | No. 1:15-cv-224 TWP DML <br><br> JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

1. Plaintiff brings this action against the Defendant, the United States of America, pursuant to the Federal Tort Claims Act (FTCA), so that this Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § § 1346 (b), 2671-80.

2. Plaintiff brings this action against Defendants UAP Health Clinic (UAP), Mickey Cho (Cho) and Gary Ulrich (Ulrich) pursuant to the **Indiana Medical Malpractice Act** (the Act), **Indiana Code § § 34-18-1-1 et seq.** so that this Court has jurisdiction of the subject matter of this action pursuant to **Indiana Code § § 34-18-1-1 et seq.**

1

3. The plaintiff has complied with all prequisites to a Suit under the **FTCA**, in that:

   a. On August 8, 2014, the Plaintiff timely filed an administrative claim for the matters in dispute in this action in the amount of $4,089,000.00 with the United States Department of Justice, Federal Bureau of Prisons (BOP).

   b. The Defendant United States of America, by and through its agency the Bureau of Prisons, denied Plaintiff's administrative claim and on February 18, 2015 mailed its notice of denial, a copy of which is attached to this Complaint as "Exhibit A".

   c. This action, as against the defendant United States of America, was timely commenced following the denial of the administrative claim.

4. The plaintiff has complied with all steps precedent to suit under **Indiana Code § § 34-18-1 et seq.**

5. Plaintiff also brings this action against defendants, **UAP**, **CHO** and **ULRICH**, Medical Hospital and physicians acting as agents, servants, and employees of the Defendant United States of America, in the course of their employment, who along with other agents, servants, and employees of Defendant United States of

2

America, known to the defendant, the United States of America, but unknown to Plaintiff, committed the acts of negligence that are set forth more fully below.

6. As a result of the fault of the defendants, by and through their agents, servants and employees, acting within the scope of their employment, plaintiff suffered serious and permanent physical injury to his right leg, including permanent and serious Compartment Syndrome, permanent and gross disfigurement of plaintiff's right leg, permanent and serious loss of mobility and range of motion of the plaintiff's right leg, extreme pain and anxiety, and undue pain and suffering.

7. These injuries resulted from the negligence of the agents, servants and employees of defendants, acting within the scope of their employment, as follows:

    a. On August 19, 2012, Plaintiff was examined by employees of the Defendant United States of America, at Terre Haute Federal Correctional Facility (THA FCI), in Terre Haute, IN at which time plaintiff complained of pain in the area of the right hip and leg.

    b. At that time, defendant United States of America, diagnosed a possible fracture of the right leg's lower tibia.

    c. Upon information and belief, and as a direct and proximate result of the defendant USA's diagnosis, plaintiff was emergently transferred to Defendant **UAP**. Upon information and belief, and all times relevant hereto, UAP was a contractor provider to Defendant USA, and as such an agent, employee or servant thereof.

  d. Upon arrival at UAP Health Clinic, on August 19, 2012, Plaintiff was examined by Defendants CHO and ULRICH. Upon information and belief, CHO is and was, at all times relevant hereto, Medical Doctor duly licensed to perform duties as a Medical Doctor in the State of Indiana, as that term is known under the **ACT**. Upon information and belief, defendant ULRICH is, and was at all times relevant hereto, a Doctor of Osteopathy duly licensed to perform duties as a Doctor of Osteopathy in the State of Indiana, as that term is known under the **ACT**.

  e. That, at UAP Health Clinic, a duly licensed Hospital in the State of Indiana, as that term is known under the **ACT**, plaintiff was ordered to undergo a series of examinations, including but not limited to x-rays of the right leg area.

  f. That, upon information and belief, and as a direct and proximate result of the examinations ordered and conducted at UAP by CHO and ULIRICH, Plaintiff was diagnosed as having suffered fractures of his right lower tibia and fibula.

  g. That CHO advised Plaintiff that, in order to repair the injured leg, it would be necessary for Plantiff to undergo surgery, involving an Intermedullary Nailing Procedure.

  h. That Plainitff underwent the aforesaid surgical procedure at UAP.

8. While performing or attempting to perform this surgical procedure, Defendant CHO, M.D. and Defendant Ulrich, D.O.'s individual and joint professional negligence, lack of expertise, fault, and malpractice proximately caused the injuries and damages suffered by Plaintiff, as specified further below, in that Defendant CHO and Defendant Ulrich, individually and jointly failed to exercise the care and precautions required in the circumstances to prevent injuries to Plaintiff; lacked the required knowledge and surgical skill; failed to consult in order to acquire the knowledge necessary to avoid the injuries to the Plaintiff; failed to adequately inform the Plaintiff of the attendant dangers involved in the procedure performed; and in general acted with negligence, imprudence, and lack of expertise under the circumstances.

9. Defendant UAP was negligent, at fault, and guilty of malpractice in that it failed to ensure adequate precautions and adopt proper hospital, surgical, and operating room procedures at UAP, and this failure proximately caused the injuries and damage to Plaintiff.

10. Defendant United States of America was negligent, at fault, and guilty of malpractice in that it failed to ensure adequate precautions and requirements for its agents, employees, and servants, including UAP, CHO and ULRICH, and this failure proximately caused the injuries and damage to Plaintiff.

11. As a result of the professional negligence, lack of expertise, fault and malpractice of the defendants, Plaintiff

was left with serious and permanent damage to his right leg, severe damage to his right leg's nervous system including permanent Compartment Syndrome, and a critical impairment of motor functions, has been and continues to be impeded in the enjoyment of normal pursuits and activities, and has suffered and will continue to suffer great mental anguish, all of which have and will have and will necessitate continued professional care and treatment.

12. Thereafter, and or about August 31, 2012, Plaintiff was discharged from UAP, and returned to THA FCI, with specific Medical Orders for post-surgery treatment of Plaintiff by and through the agents, servants, and employees of Defendant United States of America, at THA FCI Medical Department.

13. Thereafter, and commencing on or about August 31, 2012, and at divers time up to and including August 8, 2014, Defendant United States of America, by and through its agents, employees, and servants, did , as a result of professional negligence, fault and malpractice, refuse to provide Plaintiff with Medical After Care, Pain Management, and post-surgery treatment in accord with the directions of UAP, CHO and Ulrich, or in conformity with accepted professional practice and norms, causing Plaintiff great pain, discomfort, and further serious physical injury and exacerbation of Compartment Syndrome.

14. Further, commencing on or about December 13, 2012, and at divers times thereafter, Defendant United States of America by

and through its agents, employees and servants at THA FCI Medical Department, did wrongfully, negligently, and because of professional negligence, lack of expertise, fault and malpractice did use an electronic device which was not approved for medical use, and which use was contraindicated owing to plaintiff's compartment syndrome, causing plaintiff great pain, discomfort, and further serious physical injury and exacerbation of Compartment Syndrome.

15. That as a result of the professional negligence, lack of expertise, fault and malpractice of the Defendant United States of America in failing to adhere to the medical orders of UAP, CHO and ULRICH, and failure to otherwise comply with accepted medical care and treatment following Plaintiff's discharge from UAP, Plaintiff was left with serious and permanent damage to his right leg, severe damage to his right leg's nervous system, including permanent Compartment Syndrome, and a critical impairment of motor functions, has been and continues to be impeded in the enjoyment of normal pursuits and activities, and has suffered and will continue to suffer great mental anguish, all of which have and will necessitate continued professional care and treatment.

16. The damages suffered by Plaintiff have a reasonable value of $ 4,089,000.00.

17. Plaintiff reserves the right to rely on the doctrine of

7

res ipsa loquitor.

18. Plaintiff demands trial by jury upon all issues and claims triable by jury herein.

## PRAYER FOR RELIEF

19. Wherefore, Plaintiff Daniel L. Brown, pro se, Demands Judgment as against the Defendant United States of America pursuant to **28 U.S.C. § § 1346 (b), 2671-80**; and Judgment as against Defendants **UAP, CHO and ULRICH** pursuant to the **Indiana Medical Malpractice Act**; and for damages as against all Defendants, **jointly and severally,** in the amount of four million, eighty-nine thousand dollars ($4,089,000.00), plus interest thereon; and for costs, and expenses of this suit; and for reasonable attorney fees, and such other and further relief as the Court may deem just and proper in the circumstances.

DANIEL L. BROWN JR.
PLAINTIFF
PRO SE

#05609-030

8

## VERIFICATION

Daniel Brown, being duly sworn, deposes and says: I am the Petitioner, Pro Se herein. I have read and know the contents of the foregoing COMPLAINT and that same is true and correct to my own knowledge, except as to those matters therein stated upon information and belief, and as to such matters, I believe them also to be true.

*[signature]*

Daniel Brown
Pro Se
Plaintiff

*[signature]* #05609-030