**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DANIEL LYNN BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:15-cv-0224-TWP-DML |
| ) | |
| DR. MICKEY CHO, et al., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PENDING MOTION**

This matter is before the Court on Plaintiff's Motion to Stay Pretrial Schedule (Dkt. 40) and Motion for Appointment of Recruitment of Counsel (Dkt. 41). For the reasons stated below, the motions are **DENIED**.

Plaintiff's motion for appointment or recruitment of counsel has been considered. As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007). "If a plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt,* 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but "also includes other 'tasks that normally attend litigation' such as 'evidence gathering' and 'preparing and responding to motions.'" *Id.*

There are several factors that weigh somewhat in Plaintiff's favor with respect to his motion. Plaintiff alleges that he has contacted 17 attorneys and law firms in an attempt to recruit counsel, but his efforts thus far have not succeeded. The firms he has contacted either do not represent plaintiffs or did not respond. For now, plaintiff should continue his own efforts to recruit counsel. He further alleges that his medical negligence claims will require expert testimony and

he cannot afford one nor can he obtain one without counsel. He also states that because he is in prison he is not able to conduct certain (unspecified) types of discovery.

On the other hand, the plaintiff's motion and his other filings in this case are exceptionally well written. His response to a pending motion to dismiss includes applicable legal citations and argument. To the extent the plaintiff cannot afford a medical expert, the appointment of pro bono counsel would not change that circumstance because volunteer counsel cannot be compelled to pay expert witness fees. In addition, the plaintiff has the assistance of a law clerk at the prison where he is confined. In sum, thus far in these proceedings, the plaintiff has not shown that he does not have the ability to present this case in a coherent manner. For now, the plaintiff's motion for the appointment of counsel (Dkt. 41) is **DENIED.**

The bases of plaintiff's motion for stay was his request for appointment of counsel. In light of the Court's ruling herein, plaintiff's motion for stay of the pretrial schedule (Dkt. 40) is **DENIED AS MOOT.**

**SO ORDERED.**

Date:  11/5/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Daniel Lynn Brown, Jr., #05609-030
Terre Haute FCI
Inmate Mail/Parcels
P. O. Box 33
Terre Haute, IN 47808

Electronically registered counsel