UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL LYNN BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:15-cv-0224-TWP-DML |
| ) | |
| DR. MICKEY CHO, GARY ULRICH, ) | |
| UNITED STATES OF AMERICA and ) | |
| UAP CLINIC,LLP. ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Dismiss and Motion to Amend**

This matter is before the Court on a Motion to Dismiss (Filing No. 35) filed by Defendant Dr. Mickey Cho ("Dr. Cho"). Plaintiff, Daniel Lynn Brown, Jr. ("Mr. Brown") brings this Federal Tort Claims Act case against the United States of America (the "United States") and state law medical malpractice claims against Dr. Cho, Dr. Gary Ulrich ("Dr. Ulrich"), and the UAP Health Clinic ("UAP"). Dr. Cho has moved to dismiss the first amended complaint against him and Mr. Brown has opposed that motion. Also before the Court is a Motion to Amend the Complaint (Filing No. 49) filed by Mr. Brown. For the reasons stated below, both motions are denied.

**I. Motion to Dismiss**

*A. Legal Standards*

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although

the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

### B. Discussion

Dr. Cho operated on Mr. Brown in August of 2012. The original complaint was filed on February 13, 2015, and the first amended complaint was filed on March 17, 2015. "While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.' *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005).

(Technically, one might see this as a motion for judgment on the pleadings under Rule 12(c) rather than a motion under Rule 12(b)(6), but the practical effect is the same.)." *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009). The statute of limitations applicable to the medical malpractice claim asserted against Dr. Cho is two years. *Moyer v. Three Unnamed Physicians,* 845 N.E.2d 252, 256 (Ind. Ct. App. 2006). The two years accrues generally from the date that the alleged malpractice occurred, however, if in the exercise of reasonable diligence, the plaintiff does not discover the malpractice and the resulting injury until more than two years after the occurrence, the plaintiff has two years from the date of discovery in which to file a malpractice claim. *Id.* at 256-57.

In response to the motion to dismiss, Mr. Brown alleges that he did not discover the alleged malpractice until August 8, 2014. He argues that the discovery of the malpractice after the two year limitations periods should render his first amended complaint timely filed. Dr. Cho responds by asserting that no facts or evidence have been presented to support the allegation that the malpractice was not discovered until August of 2014.

As noted above, the Court may dismiss a complaint under Rule 12(b)(6) only if "no relief may be granted under any set of facts that could be proved *consistent* with the allegations." *Hrubec v. National R.R. Passenger Corp.,* 981 F.3d 962, 963 (7th Cir. 1992) (internal quotation omitted). "A plaintiff need not put all of the essential facts in the complaint; he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." *Help At Home, Inc. v. Medical Capital, LLC.,* 260 F.3d 748, 752-53 (7th Cir. 2001) (internal quotation omitted). The allegation that Mr. Brown did not discover the malpractice and the injury until August of 2014 is not inconsistent with the allegations of his first amended complaint. Although Dr. Cho argues that Mr. Brown knew or reasonably should have known of complications from the surgery within a month or so of the surgery, this is not the type of dispute

that should be properly resolved on the basis of the pleadings only. Dr. Cho's motion to dismiss (Filing No. 35) must therefore be **DENIED.**

### III. Motion to Amend

Mr. Brown's motion to amend the complaint (Filing No. 49) is **DENIED as unnecessary.** Mr. Brown seeks to amend his complaint only to allege facts relating to the issue of when he discovered the alleged malpractice. Under these circumstances, Mr. Brown need not allege facts to defeat an affirmative defense. Now that the motion to dismiss has been dismissed, the issue of the statute of limitations may be addressed with evidence outside the pleadings through a motion for summary judgment or at trial. The **operative complaint remains** the amended complaint filed on March 17, 2015 (Filing No. 4).

**IT IS SO ORDERED.**

Date: 11/20/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Daniel Lynn Brown, Jr., #05609-030
Terre Haute FCI
Inmate Mail/Parcels
P. O. Box 33
Terre Haute, IN 47808

Electronically registered counsel